IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>         Plaintiff, | : Civil No. 1:18CV00056 |
| v. | |
| $6,918.00 in U.S. CURRENCY, | |
| $69,758.00 in U.S. CURRENCY, | |
| 2012 DODGE RAM TRUCK,<br>VIN 1C6RD7MT9CS214445, | |
| 2011 CADILLAC DTS,<br>VIN 1G6KH5E66BU129225, | |
| and | |
| 2006 JEEP LIBERTY,<br>VIN 1J8GL58K66W272771,<br>         Defendants. | |

## VERIFIED COMPLAINT OF FORFEITURE

NOW COMES the Plaintiff, the United States of America, by and through Matthew G.T. Martin, United States Attorney for the Middle District of North Carolina, and respectfully states as follows:

1. This action is brought to enforce the provisions of 18 U.S.C. § 1955(d) and 18 U.S.C. § 981(a)(1)(C) for the forfeiture of property used in violation of, or constituting or derived from proceeds traceable to, a violation of 18 U.S.C. § 1955, or a conspiracy to commit such offense.

- 1 -

2. The defendant properties are as follows:

   a. $6,918.00 in U.S. Currency;

   b. $69,758.00 in U.S. Currency;

   c. 2012 Dodge Ram Truck, VIN 1C6RD7MT9CS214445;

   d. 2011 Cadillac DTS, VIN 1G6KH5E66BU129225; and

   e. 2006 Jeep Liberty, VIN 1J8GL58K66W272771.

3. The defendant properties were seized on January 26, 2016, in Clemmons, North Carolina, in the Middle District of North Carolina, and are currently in the custody of U.S. Customs and Border Protection.

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant properties. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1355(b)(1) and 1395, because the defendant properties were seized while located in the jurisdiction of this Court, or one or more of the acts giving rise to forfeiture occurred in this district.

6. Upon the filing of this complaint, Plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which Plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

7. The facts and circumstances supporting the seizure and forfeiture of the defendant properties are contained in **Exhibit A**, attached hereto and wholly incorporated herein by reference.

- 2 -

Case 1:18-cv-00056   Document 1   Filed 01/26/18   Page 2 of 4

WHEREFORE, the United States of America prays that process of a Warrant for Arrest and Notice *In Rem* be issued for the arrest of the defendant properties; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant properties be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

This the 26th day of January, 2018.

Respectfully submitted,

MATTHEW G.T. MARTIN
United States Attorney

/s/ Lynne P. Klauer
Lynne P. Klauer
Assistant United States Attorney
NCSB #13815
101 S. Edgeworth Street, 4th Floor
Greensboro, NC 27401
Phone: (336) 333-5351
Email: lynne.klauer@usdoj.gov

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury under the laws of the United States of America, that the contents of the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

_____
Bryan Irwin
Task Force Officer
Homeland Security Investigations

# DECLARATION

I, Bryan Irwin, pursuant to 28 U.S.C. § 1746, under penalty of perjury and pursuant to the laws of the United States, state that the following is true and correct to the best of my knowledge and belief:

1. I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18. I am a Task Force Officer with the United States Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI). I am currently assigned to the Office of the Resident Agent in Charge, Winston-Salem, North Carolina. I have been a sworn law enforcement Agent for 18 years and an HSI Task Force Officer since 2013. I have been awarded academic degrees in Bachelors of Science from a regionally accredited institution focusing in the field of Criminal Justice.

2. This declaration is based on my own knowledge and experience as well as information provided by other federal, state and local law enforcement agencies.

3. Set forth below are the reasons why the property known as $69,758.00 in U.S. Currency and $6,918.00 in U.S. Currency, a 2011 Cadillac DTS passenger car, VIN 1G6KH5E66BU129225, a 2012 Dodge Ram truck, VIN 1C6RD7MT9CS214445, and a 2006 Jeep Liberty SUV, VIN 1J8GL58K66W272771, which were seized from Richard Joseph PHILLIPS of Clemmons, North Carolina, 27012, and/or H & P BUSINESS CENTER, 3621 Clemmons Road, Clemmons, North Carolina, 27012 are subject to forfeiture to the United States pursuant to Title 18, United Stated Code, Section 1955 and/or Title 18, United States Code, Section 981.

4. This forfeiture action arises from investigations of PHILLIPS, dba H & P BUSINESS CENTER'S illegal gambling and/or money laundering activities in the city of Clemmons, North Carolina as well as other locations throughout North Carolina.

**INVESTIGATIVE BACKGROUND**

5. In January 2015, HSI, North Carolina Alcohol Law Enforcement (ALE), Winston-Salem Police Department, and Forsyth County Sheriff's Department received information alleging locations within their respective jurisdictions were operating illegal gambling and/or sweepstakes machines and/or games and/or engaging in money laundering in addition to other financial crimes both known and unknown.

6. HSI and ALE conducted an investigation into allegations that employees of PHILLIPS, dba H & P BUSINESS CENTER, were operating illegal gambling and/or sweepstakes based gaming machines and/or subsequently laundering said funds received by H & P BUSINESS CENTER in the course of their daily business operations.

7. PHILLIPS was found to reside in Clemmons, North Carolina, 27012.

8. North Carolina Secretary of State (NC SOS) documents from 2009 reflect PHILLIPS is the registering agent of C and R Business Centre LLC, using his home address in Clemmons, North Carolina to conduct business.

9. NC SOS documents from 2011 reflect Richard PHILLIPS Jr. was the registering agent for H & P BUSINESS CENTER LLC. The principal office address was 4000-A Wilkenson Boulevard, Charlotte, North Carolina. The same documents show Joe V. Overcash of Winston-Salem, North Carolina, 27101, was the corporate organizer.

10. NC SOS documents from 2014 reflect PHILLIPS was the registering agent for DD Amusement Enterprises LLC. The listed description of the business is reflected as "Computer

2

Intertainment" [sic]. The principal office and registered office addresses are the same as PHILLIPS' home address in Clemmons, North Carolina.

11. NC SOS documents from 2014 reflect PHILLIPS was the registering agent and member of RJ Technologies, LLC, again using his home address in Clemmons, North Carolina, 27012.

12. On August 5, 2015, I entered H & P BUSINESS CENTER LLC. In the front of the business were four (4) cabinet style video gaming machines in addition to approximately twenty (20) inactive computer stations. I observed the active machines as standard eight line (8-line) reel games, which based on my training and experience I know to be illegal under North Carolina state criminal law.

13. I spoke with employee "KM" who identified herself as the manager. KM stated she knew the business owner only as "RJ" and he lived somewhere in the Winston-Salem area. KM stated she worked for "RJ" prior to July 1, 2015, for approximately one year. "RJ" was identified as Richard Joseph "RJ" PHILLIPS.

14. On August 5, 2015, KM called Barry Cummings. Cummings identified himself to me as the "Carolina Redemption Operations Manager."

15. While inside H & P BUSINESS CENTER LLC I noted the name "Carolina Redemption" was the title reflected atop the four 8-line reel games.

16. KM described the (8) line reel games as "S and D" machines." "S and D" is a common term used within the illegal gambling/sweepstakes industry which implies the game does in fact possess a skill and dexterity component, thus rendering the game legal.

**UNDERCOVER OPERATIONS AT H & P BUSINESS CENTER LLC**

17. On October 21, 2015, HSI and ALE began an undercover operation at H & P

3

BUSINESS CENTER LLC, located at 3621 Clemmons Road, Clemmons, North Carolina.

18. On October 21, 2015, ALE Assistant Special Agent in Charge (ASAC) C. Poole entered H & P BUSINESS CENTER LLC in an undercover capacity. ASAC Poole entered the business through the front door and observed KM acting as the sole employee. There were eight (8) video gambling devices in the front room and an additional four (4) machines in an adjoining room, all in operation. In addition, Poole observed an active ATM machine.

19. ASAC Poole is qualified as a Subject Matter Expert (SME) in the field of gambling and/or sweepstakes laws and is familiar with "Egyptian Gold" and "Midnight Castle," in addition to other games.

20. ASAC Poole observed two of the machines were operating the "Egyptian Gold" slot games and two of the machines were operating the "Midnight Castle" slot games.

21. ASAC Poole interacted with a gaming machine which listed only one (1) game to choose from, "Cheers." "Cheers" is described as a three (3) liner, five (5) reel (5-reel) slot game, which displayed fifteen (15) windows. "Cheers" allows players to "Take" or "Double" their winnings. The act of "take" or "doubling" winnings is accomplished when the game displays a pink woman symbol and a blue man symbol on a screen. ASAC Poole was allowed to choose one of the symbols. After the symbol was chosen the game would reveal a card. If the card matched the previously chosen symbol, the game would double the total amount of winnings. If the incorrect symbol was chosen the game would subtract the amount of winnings from the previous bet.

22. At the conclusion of the game, ASAC Poole won 3434 in credits or $34.34 in U.S. currency. KM paid Poole $34.00 in U.S. currency.

23. Poole determined the game contained no sweepstakes and required neither skill nor dexterity, and that the element of chance dominates the element of skill in the H&P BUSINESS CENTER machines.

24. ASAC Poole noted that North Carolina courts have held that a game of chance is determined entirely or in part by lot or mere luck, and in which judgment, practice, skill or adroitness play no role. "A game of skill on the other hand, is one in which nothing is left to chance, but superior knowledge and attention, or superior strength, agility and practice gain the victory."

25. On October 28, 2015, HSI and ALE conducted a second undercover operation at H&P BUSINESS CENTER LLC, 3621 Clemmons Road, Clemmons, North Carolina.

26. ASAC Poole again entered H & P BUSINESS CENTER LLC in an undercover capacity. ASAC Poole entered the business through the front door and observed an unidentified black male acting as the sole employee. There were eight (8) video gambling devices in the front room and an additional four (4) machines in an adjoining room, all in operation. Again, ASAC Poole observed an active ATM machine.

27. ASAC Poole observed two (2) of the machines were operating the "Egyptian Gold slot games and two (2) of the machines were operating the "Midnight Castle" slot games.

28. ASAC Poole interacted with a gaming machine which listed only one (1) game to choose from, "Cheers." ASAC Poole played the game in the same fashion with the same understanding of how the game is played that he did on October 21, 2015.

29. At the conclusion of the game, ASAC Poole won 2260 in credits or $22.60 in U.S. currency. The unidentified black male paid ASAC Poole $22.00 in U.S. currency.

30. Again, ASAC Poole determined the game contained no sweepstakes nor skill, nor dexterity as it did when he played on October 21, 2015.

31. A U.S. Customs summons was issued to Duke Power for records for H & P BUSINESS CENTER LLC, 3621 Clemmons Road, Clemmons, North Carolina. Responsive records identify two business checking accounts that were used to make payments to Duke Power.

32. Between June 2015 and September 2015, checks were issued to Duke Power from a Bank of America checking account ending in 5251 in the name of H & P BUSINESS CENTER LLC. The address on the check is PHILLIPS' residence address in Clemmons. The signature on the checks is "M PHILLIPS."

33. Between October 2014 and May 2015, checks were issued to Duke Power from a BB&T checking account ending in 1757 in the name of "R.J. PHILLIPS, H&P 8." The address on the checks is PHILLIPS' residence address in Clemmons. The signature on the checks is "M PHILLIPS."

**SEARCH OF H & P BUSINESS CENTER LLC & PHILLIPS' RESIDENCE**

34. On January 25, 2016, I applied for search warrants for H & P BUSINESS CENTER LLC, 3621 Clemmons Road, Clemmons, North Carolina and for Phillips' residence in Clemmons, North Carolina. The search warrants were issued by the Honorable David L. Hall, NC Superior Court Judge.

35. On January, 26, 2016, federal, state and local law enforcement agencies executed the search warrant at H & P BUSINESS CENTER LLC, 3621 Clemmons Road, Clemmons, North Carolina. Law enforcement identified Barry Cummings as the manager on duty at H & P BUSINESS CENTER LLC.

6

36. During the search of H & P BUSIONESS CENTER Eleven (11) operational video gaming machines reflecting the wording, "Carolina Redemption" were seized. Two (2) operational video gaming machines reflecting the wording, "YouBux" were seized.

37. Cummings voluntarily demonstrated and explained the operation of both "Carolina Redemption" and "YouBux" games to ALE Special Agent S. Abernathy.

38. An amount of $6,918.00 in U.S. currency was seized from the cash register and point of sale area of H & P BUSINESS CENTER LLC.

39. On January, 26, 2016, federal, state and local law enforcement agencies also executed the search warrants for Phillips' residence in Clemmons, North Carolina.

40. PHILLIPS was present inside the residence at the time of service. PHILLIPS stated he was the sole permanent resident of the 2400 square foot home.

41. A portion of the home equaling approximately 1100 square feet was dedicated to maintaining the business and operational records for H & P BUSINESS CENTER(S) LLC, C & R BUSINESS CENTER(S), and related businesses throughout North Carolina.

42. This office area contained a money counting station, photocopying station, large conference style table and two (2) working desks.

43. Large volumes of current and historical financial documents and business records reflect both C & R BUSINESS CENTERS and H & P BUSINESS CENTERS operate as a partnership or as a single entity.

44. Business records were recovered for at least six (6) other businesses located throughout North Carolina.

45. Business and tax records seized during the search show the following income for PHILLIPS, dba H & P BUSINESS CENTER LLC and dba C & R BUSINESS CENTER:

7

|  | 2011 | 2012 | 2013 | 2014 |
|---|---|---|---|---|
| PHILLIPS (Total Income) | $862,750.00 | $556,162.00 | $78,609.00 | $85,587.00 |
| HP Business Center (Gross Income) | $2,060,431.00 | $19,323,036.00 | $9,053,199.00 | $16,617,084.00 |
| CR Business Center (Gross Income) | $7,117,203.00 | $12,014,340.00 | $2,781,144.00 | $125,076.00 |

46. In 2011 and 2012, the bulk of PHILLIPS' total income came H & P BUSINESS CENTER LLC and C & R BUSINESS CENTER. More than half his income in 2014 came from these sources.

47. Additional financial records reviewed include a 2015 Profit and Loss Statement for H & P BUSINESS CENTER LLC showing it had gross income of $5,364,666.00 for the year, and "Weekly Reports" showing H & P BUSINESS CENTER LLC had gross sales of $1,373,056.00 for the period from 01/01/16 to 01/24/16.

48. Upon information and belief, PHILLIPS operated multiple sweepstakes locations throughout North Carolina under the names H & P BUSINESS CENTER LLC and/or C & R BUSINESS CENTER. The Weekly Reports referred in the preceding paragraph, for example, appear to include sales and other accounting data from locations in Durham, Cary, Clemmons, Lewisville, and Greensboro.

49. Approximately eight (8) vehicle ownership titles were located which reflected PHILLIPS and/or H & P BUSINESS CENTER as the owners.

50. A 2011 Cadillac DTS passenger car, VIN 1G6KH5E66BU129225, 2012 Dodge Ram truck, VIN 1C6RD7MT9CS214445, and 2006 Jeep Liberty SUV, VIN 1J8GL58K66W272771 were seized from PHILLIPS' residence in Clemmons, North Carolina.

51. PHILLIPS stated he often uses the 2012 Dodge Ram truck, VIN 1C6RD7MT9CS214445, 2011 Cadillac DTS, VIN 1G6KH5E66BU129225, and numerous other vehicles and trailers to conduct various types of business activities for H & P BUSINESS CENTER LLC and C & R BUSINESS CENTER.

52. An additional employee, "KD", was identified through business records seized at PHILLIPS' residence in Clemmons, North Carolina.

53. Business records were recovered which contained the financial and statistical analysis for various types of gambling software.

54. These records reflected names such as "Fish", "OLE-OK", "SBG" and "NG". These terms are commonly known as illegal gambling and/or sweepstakes vendors and/or games.

55. Business records and documents were recovered which indicated PHILLIPS currently and/or previously managed and/or monitored over 100 gambling and/or sweepstakes locations throughout North Carolina.

56. Payroll checks and business records reflect PHILLIPS employed at least 20-40 employees at numerous H & P BUSINESS CENTERS, as well as other gambling and/or sweepstakes locations throughout North Carolina.

57. During execution of the search warrant on January 26, 2016, a total of $69,758.00 in U.S. currency was seized from the office and kitchen area of PHILLIPS' residence in Clemmons, North Carolina.

58. On February 4, 2016, I applied for and received a search warrant, signed by the Honorable David L. Hall, North Carolina Superior Court Judge, for cellular phones and digital storage devices recovered from the search of PHILLIPS' residence in Clemmons, North Carolina.

59. A forensic examination was conducted of the cellular phone seized at the residence from PHILLIPS' person on January 26, 2016. The results of the examination reflect conversations related to the ongoing operation of gambling and/or sweepstakes businesses throughout North Carolina.

**CONCLUSION**

60. The investigation described above shows that PHILLIPS has been engaged in illegal gambling prohibited by 18 U.S.C. § 1955. The investigation has shown PHILLIPS' businesses employed more than five (5) individuals in the conduct of gambling activities in violation of state law, were in continuous operation for more than 30 days, and had gross income of more than $2,000 per day on numerous days.

61. Based on the foregoing, your declarant maintains there is probable cause to believe that the U.S. currency and vehicles seized from PHILLIPS' residence and business location on January 26, 2016, were used in violation of, or constitute or were derived from, illegal gambling as defined in Title 18, United States Code, § 1955(b)(1), or a conspiracy to commit such offense, and are therefore subject to forfeiture to the United States pursuant to Title 18, United States Code, § 981(a)(1)(C) and Title 18, United States Code, § 1955.

This the 26th day of January, 2018.

Bryan Irwin
Task Force Officer
Homeland Security Investigations

10